## THOMAS v. MISSOURI PAC. R. CO.
### No. 4530.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

Tobin R. Hodge, of Rayville, for appellant.

George Wesley Smith, of Rayville, for appellee.

MILLS, Judge.

It is not disputed in this case that two mules belonging to plaintiff were, at about 6:30 p. m., on February 23, 1932, killed by defendant's train, on its tracks near Dehlco Station in Richland parish. The tracks being unfenced, Act. No. 70 of 1886 imposes upon defendant the burden of proving that the killing was not the result of fault or carelessness on its part. In support of this burden it relies solely upon the testimony of the locomotive engineer operating the train on the night of the killing.

His testimony is that the night was starlit, but that there was a curtain of fog and smoke hanging over the place where the mules were struck. That for this reason he did not see the animals until within twenty feet of them. That on a clear night his headlight would enable him to see eight hundred feet ahead. That at the speed he was traveling he could stop his train in one hundred yards. That though the animals were directly in front of him when he first saw them, he presumes that they came suddenly upon the track ahead of his train, too close to permit him to avoid hitting them. He testifies that within the twenty feet he cut off the power and lights, sounded the whistle, and applied the brakes, but could not avoid the collision.

For plaintiff, Simmie Pater, who saw the accident, says that the mules were standing still on the track two hundred yards ahead of the train when he first saw them. He and Frank Howard both testify that there was no smoke, fog, or dust to obscure the view of the engineer.

The lower court rendered judgment for plaintiff in the sum of $190, with legal interest from judicial demand, from which defendant alone appeals.

Defendant having failed to prove by a preponderance of the testimony that the mules came suddenly upon the track or that the vision of the engineer was obscured by fog and smoke, the judgment is correct and is affirmed.